VENABLE LLP
Thomas E. Wallerstein (SBN 232086)
twallerstein@venable.com
Amit Rana (SBN 291912)
arana@venable.com
Antonia I. Stabile (SBN 329559)
aistabile@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.653.3750
Facsimile: 415.653.3755

Attorneys for Defendants
Julian Michalowski, Malante Hayworth,
Joshua Ginsberg, Steven Loeb
and Jason Loeb

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LMAJ, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JULIAN MICHALOWSKI, an individual; MALANTE HAYWORTH, an individual; JOSHUA GINSBERG, an individual; STEVEN LOEB, an individual; JASON LOEB, an individual; and, DOES 1 through 100,<br><br>Defendants. | Case No. 8:21-cv-01533<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[Orange County Superior Court Case No. 30-2021-01221102-CU-MC-CJC]<br><br>Action Filed: September 15, 2021<br>Removal: September 19, 2021 |

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendants JULIAN MICHALOWSKI, MALANTE HAYWORTH, JOSHUA GINSBERG, STEVEN LOEB, and JASON LOEB (collectively "Defendants") hereby remove to this United States District Court for the Central District of California the above-captioned case pending in the Superior Court of the State of California, for the County of Orange, as Case No. 30-2021-01221102-CU-MC-CJC, on the grounds that diversity jurisdiction exists. Pursuant to 28 U.S.C. § 1446(a), set forth below is a statement of the grounds of removal, and attached hereto as Exhibit 1 are copies of all process, pleadings, and orders served to date in this case.

## I. PROCEDURAL HISTORY

1. On September 15, 2021, Plaintiff LMAJ, LLC filed this action, captioned *LMAJ, LLC v. Julian Michalowski, et al.*, Case No. 30-2021-01221102-CU-MC-CJC, in the Superior Court of the State of California for the County of Orange. Copies of Plaintiff's Summons, Complaint and Civil Case Cover Sheet are attached hereto as Exhibit 1. Declaration of Thomas E. Wallerstein ("Wallerstein Decl."), ¶ 4.

2. Defendants have not yet been served with the Complaint. Defendants received an e-mail copy of the Complaint on September 15, 2021. Wallerstein Decl., ¶ 2.

3. The Complaint asserts two claims of breach of fiduciary duty against Defendants, who are members of Coastal Holding Company, LLC ("Coastal"). *See* Ex. 1, ¶¶ 1, 2.

4. The Complaint does not seek damages, but seeks temporary, preliminary and permanent injunctive relief enjoining Defendants from "completing the bridge loan financing and sale transactions" of Coastal and "exercising any warrants issued to Defendants" based upon a promissory note dated August 30, 2021. *See* Ex. 1, Prayer for Relief, ¶¶ 1, 2.

5. Defendants have not filed an Answer or other responsive pleading to this Complaint, and the Parties have not issued or commenced discovery.

6. On September 17, 2021, Plaintiff filed and served an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction. The hearing is set for September 20, 2021 at 1:30 p.m. There have been no orders issued in this case. Wallerstein Decl., ¶ 3.

## II. GROUNDS FOR REMOVAL

7. Plaintiff's claims are removable because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, such that this Court has subject matter jurisdiction over the dispute. *See* 28 U.S.C. § 1441(b); 28 U.S.C. § 1332.

### A. Citizenship of Parties

8. According to the Complaint, "Plaintiff LMAJ, LLC is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business in Newport Beach, California." Ex. 1, ¶ 5. A "limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Similarly, a "trust has the citizenship of its trustee or trustees." *Johnson*, 437 F.3d at 899.

9. Plaintiff LMAJ, LLC's owners/members are: (1) Andrew Modlin; (2) Adam N. Bierman and Laura N. Bierman, as Co-Trustees of The Bierman Trust; and (3) Adam N. Bierman and Laura N. Bierman, as Co-Trustees of The Bierman 2018 Irrevocable Trust. Declaration of Julian Michalowski ("Michalowski Decl."), ¶ 3. Thus, Plaintiff LMAJ, LLC's citizenship is determined by the citizenship of Andrew Modlin, Adam N. Bierman, and Laura N. Bierman.

10. Andrew Modlin is an individual domiciled in California. *Id.* ¶ 4. Adam N. Bierman is an individual domiciled in California. *Id.* Laura N. Bierman

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

is an individual domiciled in California. *Id.* Thus, for purposes of diversity jurisdiction, Plaintiff LMAJ, LLC is a citizen of California.

11. Defendant Julian Michalowski is domiciled in Nevada. Ex. 1, ¶ 6; Michalowski Decl. ¶ 5.

12. Defendant Malante Hayworth is domiciled in Nevada. Ex. 1, ¶ 7; Michalowski Decl. ¶ 5.

13. Defendant Joshua Ginsberg is domiciled in Puerto Rico. Ex. 1, ¶ 8; Michalowski Decl. ¶ 5.

14. Defendant Steven Loeb is domiciled in Hong Kong. Ex. 1, ¶ 9; Michalowski Decl. ¶ 5.

15. Defendant Jason Loeb is domiciled in Massachusetts. Ex. 1, ¶ 10; Michalowski Decl. ¶ 5.

16. Thus, at the time the Complaint was filed and through the time of this filing, no Defendant is or has been a citizen of California and there is complete diversity of citizenship between Plaintiff and Defendants. *See* Ex. 1, ¶¶ 6-10; Michalowski Decl. ¶ 5.

### B.   Amount in Controversy

17. The amount in controversy exceeds $75,000. Because Plaintiff seeks only injunctive relief, "[t]he amount in controversy may include . . . the cost of complying with an injunction." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The value of the injunction for purposes of determining the amount in controversy is assessed from the "either viewpoint" rule – that is, the amount that either party can gain or lose from the issuance of the injunctive relief. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001) ("the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce."). Thus, when "the potential cost to the defendant of complying with the injunction exceeds [$75,000]," the amount in controversy is established. *Id.*

18.     Here, the cost to Defendants of complying with Plaintiff's proposed injunctive relief far exceeds $75,000.  Michalowski Decl. ¶ 6.

19.     First, Plaintiff seeks to enjoin a bridge loan in the amount of $1 million.  By definition, the amount in controversy is at least the value of the $1 million loan Plaintiff seeks to enjoin.

20.     Second, Defendants' cost of complying with the injunction as it relates to the bridge loan is the possible loss of the company through the failure to be able to pay creditors.  The company urgently needs the bridge loan to pay some large debts which are maturing or overdue; the inability to pay these debts with the bridge loan would be devastating to the company.  The cost of complying with the injunction includes the company's inability to continue to get products from its vendors needed to keep the business running.  *Id.* ¶ 7.

21.     Defendants' cost of complying with the injunction as it relates to the bridge loan is the possible loss of the company through the failure to be able to pay creditors.  The company urgently needs the bridge loan to pay some large debts which are maturing or overdue; the inability to pay these debts with the bridge loan would be devastating to the company.  The cost of complying with the injunction includes the company's inability to continue to get products from its vendors needed to keep the business running.  *Id.* ¶ 7.

22.     Further, over half of the bridge loan will be used to pay outstanding IRS debt.  The cost of complying with the injunction against the bridge loan includes the further interest that will continue to accrue on the IRS debt.  *Id.* ¶ 8.

23.     Further, it would be financially devastating should the closing on the transaction be enjoined.  The cost of complying with an injunction against closing is that Defendants might never be able to sell the company to anyone else; that cost is in the tens of millions of dollars.  *Id.* ¶ 9.

24.     Further, Plaintiff alleges that the amount in controversy is greater than $75,000 because the Complaint and TRO papers can be read as alleging that

5
NOTICE OF REMOVAL
Case No. 8:21-cv-01533

Plaintiff stands to lose more than $75,000 should the injunction not issue. Thus, the alleged gain to Plaintiff from obtaining the injunction also exceeds $75,000.

### III. THIS NOTICE IS TIMELY FILED

25. The Complaint was filed on September 15, 2021, and counsel for all Defendants received a copy of the Complaint on September 15, 2021. Wallerstein Decl., ¶ 2. Thus, fewer than 30 days have passed since Defendants received the Complaint, and this notice is timely pursuant to 28 U.S.C. §1446(b)(2)(B).

### IV. ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

26. This Notice of Removal is properly filed in the United States District Court for the Central District of California, because the Superior Court of the State of California for the County of Orange is located in this judicial district. *See* 28 U.S.C. § 1441(a).

27. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

28. All Defendants consent to removal as required by 28 U.S.C. § 1446(b)(2)(A). Michalowski Decl., ¶ 10; Wallerstein Decl., ¶ 5.

29. No previous application has been made for the relief requested herein.

30. Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings and orders in this Action, which include the Complaint, Summons and Civil Case Cover Sheet, are attached as Exhibit 1.

31. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on the Plaintiff and promptly filed with the clerk of the Superior Court of the State of California for the County of Orange.

### V. CONCLUSION

For the foregoing reasons, Defendants hereby remove this action to this United States District Court for the Central District of California.

| | | |
|---|---|---|
| Dated: September 19, 2021 | | VENABLE LLP |
| | By: | /s/ Thomas E. Wallerstein |
| | | Thomas E. Wallerstein |
| | | Amit Rana |
| | | Antonia I. Stabile |
| | | Attorneys for Defendants Julian Michalowski, Malante Hayworth, Joshua Ginsberg, Steven Loeb and Jason Loeb |

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750