# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 09/15/2021 01:49:24 PM.
30-2021-01221102-CU-MC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.
Case 8:21-cv-01533-JLS-ADS Document 1-1 Filed 09/15/21 Page 2 of 18 Page ID #:9

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JULIAN MICHALOWSKI, an individual; MALANTE HAYWORTH, an individual; JOSHUA GINSBERG, an individual; and STEVEN LOEB, an individual; and JASON LOEB, an individual; and, DOES 1, through 100,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LMAJ, LLC, a Delaware limited liability company;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* CENTRAL JUSTICE CENTER, 700 Civic Center Drive West, Santa Ana, CA 92701

CASE NUMBER: *(Número del Caso):*
30-2021-01221102-CU-MC-CJC

Judge Linda Marks

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NIGEL BURNS, NICHOLAS STAHL, 800 West 1st Street, Suite 401-12, Los Angeles, California 90012; (213) 687-8080

DATE: *(Fecha)* 9/15/2021   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by *H. McMaster*, Deputy *(Secretario)* *(Adjunto)*

Hailey McMaster

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically Filed by Superior Court of California, County of Orange, 09/15/2021 01:49:24 PM.
30-2021-01221102-CU-MC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.
Case 8:21-cv-01533-JPS-ADS Document 1-1 Filed 09/16/21 Page 3 of 18 Page ID #:10

1  NIGEL BURNS, ESQ. (SBN: 202576)
   NICHOLAS STAHL, ESQ. (SBN: 296813)
2  THE LAW OFFICE OF NIGEL BURNS
   800 West 1st Street, Suite 401-12
3  Los Angeles, California 90012
   Telephone: (213) 687-8080
4  Fax: (213) 687-8383

5  Attorneys for Plaintiffs
   LMAJ, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

**CENTRAL JUSTICE CENTER**

| | |
|---|---|
| LMAJ, LLC, a Delaware limited liability company;<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>JULIAN MICHALOWSKI, an individual; MALANTE HAYWORTH, an individual; JOSHUA GINSBERG, an individual; and STEVEN LOEB, an individual; and JASON LOEB, an individual; and, DOES 1, through 100,<br><br>　　　　Defendants. | CASE NO. 30-2021-01221102-CU-MC-CJC<br>**Assigned for All Purposes**<br>Judge Linda Marks<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF FOR:**<br>　(1) **BREACH OF FIDUCIARY DUTY;**<br>　(2) **BREACH OF FIDUCIARY DUTY.** |

1
COMPLAINT

COMES NOW Plaintiffs LMAJ, LLC, who complains of Defendants Julian Michalowski, Malante Hayworth, Joshua Ginsberg, Steven Loeb, and Jason Loeb, and DOES 1 through 100, as follows:

**INTRODUCTION**

1. In a clear disregard of their fiduciary duties, Defendant Julian Michalowski is conducting a fire sale of Coastal Holding Company, LLC ("Coastal" or the "Company") designed to benefit himself and Defendants Malante Hayworth, Joshua Ginsberg, Steven Loeb, and Jason Loeb at the expense of the other equity members of the Company.

2. Michalowski is a founder, controlling member of Coastal, its CEO, and a member of its Board of Managers. Hayworth and Ginsberg are also founders, members, and Managers, and together with Michalowski, they are the majority members and dominate the Board of Managers. Steven Loeb is the beneficial owner of member Treasure Dragon Holdings, LLC ("Treasure Dragon") and Jason Loeb is the designee of Treasure Dragon on Coastal's Board of Managers. Led by Michalowski, Defendants have abused their power and treat Coastal as their possession to do with as they please without regard to Coastal's operating agreement or their fiduciary duties owed to the Coastal's other equity holders.

3. With upcoming loan payments due by Michalowski, Hayworth, and Ginsberg, Michalowski has been negotiating an immediate sale of Coastal in order pay those loan payments, rather than for these Defendants to repay the sums they borrowed. Michalowski, Hayworth, Ginsberg, and Steven Loeb provided a recent loan to Coastal to capitalize on the proposed sale by obtaining unique benefits. Indeed, Plaintiff is informed that Defendants are about to imminently sign an interim, bridge loan with the buyer to lock up the sale of Coastal.

4. Plaintiff seeks a temporary restraining order to enjoin the proposed bridge loan and sale transaction to avoid Defendants enriching themselves at the expense of Plaintiff and other equity holders. Absent injunctive relief, Plaintiff will be left without an adequate remedy once the deal is signed and the transactions are been completed. In addition, Plaintiff seeks an order of specific performance against to declare invalid *ultra vivres* transactions

Defendants have recently taken to further enrich themselves and restrain the Company from issuing any additional equity to Defendants under the void transaction.

## PARTIES

5. Plaintiff LMAJ, LLC is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business in Newport Beach, California.

6. Upon information and belief, Defendant Julian Michalowski is a member of Coastal, its CEO, and a manager, and resides in the State of Nevada.

7. Upon information and belief, Defendant Malante Hayworth is a member of Coastal, an officer, and a manager, and resides in the State of Nevada.

8. Upon information and belief, Defendant Joshua Ginsberg is a member of Coastal, an officer, and a manager, and is a resident of the Territory of Puerto Rico, but lives in State of Colorado.

9. Upon information and belief, Defendant Steven Loeb is beneficial owner of Treasure Dragon of Coastal, which is a member of Coastal manager, and resides in Hong Kong.

10. Upon information and belief, Defendant Jason Loeb is a manager of Coastal, and resides in the State of Massachusetts.

11. Except as described herein, Plaintiff is ignorant of the true names and/or capacities of the defendants sued as DOES 1 through 100, inclusive, and therefore Plaintiff sues these Defendants by such fictitious names. Following further investigation and discovery, Plaintiff will seek leave of this Court to amend this Complaint to allege their true names and capacities when ascertained. These fictitiously named defendants are responsible in some manner for the acts, occurrences and events alleged herein. These defendants aided and abetted and/or conspired with the named defendants in the wrongful acts and course of conduct or otherwise negligently caused the damages and injuries claimed herein and are responsible in some manner for the acts, occurrences and events alleged in this Complaint.

12. Plaintiff is informed and believes that the Defendants herein, and each of them, were agents and/or employees each of the other and in acting and/or failing to act as alleged herein, the Defendants, and each of them, were acting in the course and scope of said agency and/or employment relationship.

13. The true names of DOES 1 through 100, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who, under California *Code of Civil Procedure* Section 474, sue these Defendants under fictitious names. Each of the fictitiously named Defendants is responsible in some manner for the conduct alleged herein, including, without limitation, by way of conspiracy, aiding, abetting, furnishing the means and/or acting in capacities that create agency, respondeat superior, and/or predecessor-or successor-in-interest relationships with the Defendants. The DOE Defendants are private individuals, associations, partnerships, corporations, or otherwise that actively assisted and participated in the negligent and wrongful conduct alleged herein in ways that are currently unknown to Plaintiff. Some or all of the DOE Defendants may be residents of the State of California. Plaintiff may amend or seek to amend this Complaint to allege the true names, capacities, and responsibility of these DOE Defendants once they are ascertained, and to add additional facts and/or legal theories. Plaintiff makes all allegations contained this Complaint against all Defendants, including DOES 1 through 100.

**VENUE AND JURISDICTION**

14. Defendants, and each of them, are subject to the jurisdiction of this Court by virtue of their business dealings, acts, and transactions in California, by having caused injuries through their acts and omissions in California. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, §10 of the California Constitution.

15. The damages suffered by the Plaintiff exceed this Court's jurisdictional minimum.

16. Venue is proper because the acts and omissions and otherwise wrongful conduct which are the subject of this Complaint caused harm in the County of Orange, State of

California, and because none of the Defendants reside in the State of California, venue is proper in the county where Plaintiff resides under Section 395(a) of the California Code of Civil Procedure.

## FACTUAL ALLEGATIONS

**Defendants Are Personally Obligated On Loans For The Coastal Business**

17. Upon information and belief, Michalowski, Hayworth, and Ginsberg founded Coastal, which owns and operates licensed cannabis retail dispensaries in California, including in Los Angeles, Santa Barbara, and other California counties.

18. Upon information and belief, on or about October 26, 2018, Kimberly Jones made a loan for the benefit of Coastal in the principal amount of $5,000,000 with a maturity date of October 21, 2021 in the form of a promissory note (the "Jones Note"). Coastal issued Jones equity units in lieu of paying Jones. Upon information and belief, Michalowski, Hayworth, and Ginsberg executed personal guarantees for that note. Upon information and belief, Cardenas Three, LLC received an assignment and now is the holder of the Jones Note.

19. Upon information and belief, on or about May 10, 2019, Michalowski, Hayworth, Ginsberg, and Jones obtained a loan from Cangaltri, LLC in the principal amount of $1,500,000 with interest accruing at the annual rate of ten percent (10%) in the form of a promissory note (the "Cangaltri Note"). That note had an initial maturity date of November 10, 2019, that has since been extended to October 25, 2021. Each of Michalowski, Hayworth, Ginsberg, and Jones are jointly and severally liable for the note. Michalowski, Hayworth, and Ginsberg may have used the proceeds of the note for the Coastal business.

**LMAJ Invests In Coastal And Secures Contractual Minority Protections**

20. In August 2020, LMAJ entered into a Series B Preferred Unit Purchase Agreement with Coastal, pursuant to LMAJ has invested a total of $3.7 million in Coastal in exchange for 925,000 Series B Preferred Units. LMAJ became and has remained the majority interest holder of Coastal's Series B Units.

5
COMPLAINT

21. As part of LMAJ's substantial investment, it negotiated for and received a series of minority protection rights. As relevant here, those protections include that the majority-in-interest of the Series B must approve: any "sale or issuance of any Incentive Units or any other award under any Equity Incentive Plan to Julian Michalowski, Joshua Ginsberg, or Malanta Hayworth."

22. The majority of Series B unitholders also must approve any "transaction (A) not at arm's length, or (B) in excess of $25,000 (or a series of transactions in excess of $50,000), between the Company and a Common Unit Holder or an Affiliate or other related parties thereof." In other words, any transaction between Coastal and any of Michalowski, Hayworth, Ginsberg, Treasure Dragon, and Steven Loeb (because they are Common Unit Holders, or Affiliates or related parties of Common Unit Holders) in the amount of $25,000 or more requires LMAJ's approval.

23. LMAJ also received the right for a designee to sit on Coastal's Board of Managers, the governing body of Coastal. Adam Bierman has continuously served as LMAJ's board designee once LMAJ made its investment.

24. Since LMAJ's investment, Coastal has received additional investments from new members, including from Treasure Dragon, but these minority protections have remained and are set forth in Coastal's operative Fifth Amended and Restated Operating Agreement (the "Operating Agreement"), respectively in Section 6.6(b)(iii) and (iv).

**Michalowski Operates Coastal In Disregard To His Fiduciary Duties And LMAJ's Rights, Including Self-Dealing Promissory Note In August 2021 And Negotiating A Sale Of Coastal**

25. Despite contractual protections in the Operating Agreement and statutory fiduciary duties owed by Michalowski, he has operated Coastal in disregard for those basic duties. For example, Michalowski secured new investments for Coastal, but failed to provide written notice under the operating agreement to allow LMAJ to assert its matching rights to

receive additional units to avoid dilution. Michalowski told Bierman at the time there was nothing to worry about, but LMAJ could receive the additional units at a later time.

26. By August 2021, Coastal's Board of Managers consisted of: Michalowski, Hayworth, Ginsberg, Jason Loeb, and Bierman.

27. On or about August 30, 2021, Michalowski, Hayworth, Ginsberg, and Steven Loeb engaged in an *ultra vires* activity, by providing a $500,000 loan to Coastal at an annual interest rate of twenty percent (20%) and maturity date of the earlier of a sale of Coastal or December 31, 2021 (the "August Note"). Further, Michalowski and the other Defendants required Coastal to issue warrants to acquire an additional 37,816 units of Coastal common units at the exercise price of just one penny per unit.

28. Under Section 6.6(b) of the Operating Agreement, the majority of the Series B unit holders have the absolute right to approve any transaction that is either not at arm's length or over $25,000 with any common unit holder or related party, which Michalowski, Hayworth, Ginsberg and Steven Loeb all are. Likewise, an issuance of equity to Michalowski, Hayworth, or Ginsberg likewise requires approval by the Series B unitholders. Upon information and belief, Michalowski "negotiated" this deal for himself and his friends, he even signed the August Note both on behalf of the Company and as a lender, demonstrating his cavalier disregard for his duties and how he stood on both sides of the transaction.

29. When Bierman became informed of the August Note, he immediately objected, exercising LMAJ's rights under Section 6.6(b) of the Operating Agreement. Defendants refused to listen and claimed – falsely – that because Bierman sits on the Board of Managers, he is somehow unable to object to or withhold his approval. Bierman can vote as a Manager of Coastal at a Board of Managers meeting, and he can vote as the representative of LMAJ for any required vote of Series B unitholders.

30. Moreover, even if LMAJ did not have the minority protections in the Operating Agreement, this interested transaction would require at least an independent, distinerested majority of the Board of Managers to approve such a transaction. Upon information and belief, Bierman was the only independent, distinerested Manager because the remaining

Managers are either interested in the transaction, such as Michalowski, Hayworth, Ginsberg, because they will receive the benefits of the August Note, or they are beholden to another beneficiary of the transaction, because Jason Leob is Steven Loeb's relative and board designee of Treasure Dragon. Yet, Bierman's clear and unequivocal objection was not respected by Defendants, who only sought to enrich themselves.

31.   To compound matters, Michalowski and Defendants made the August Note, at a time when Michalowski has been unilaterally negotiating a sale of Coastal. Michalowski and others stand to uniquely benefit in two (2) distinct ways for a sale. First, Michalowski, Hayworth, Ginsberg, and Steven Loeb stand to gain a short term profit by having their August Note repaid in a sale of Coastal with interest and receiving additional shares through the warrant at the nominal exercise price – which undoubtedly were motivations for their loan in the first place. Second, Michalowski, Hayworth, and Ginsberg also will benefit by having Coastal repay the Jones Note and Cangaltri Note before they come due on October 21 and October 25, 2021 respectively. In the end, Series B unitholders, like LMAJ, and all other unitholders stand would be left with the remaining scraps after paying off those promissory notes.

32.   Despite Michalowski's conflicted position due to the unique benefits he will receive from a sale of Coastal, he has been unilaterally negotiating the terms of the sale. Michalowski has failed to keep the Board of Managers (or at least Bierman, as the sole independent, disinterested Manager) informed of developments, allow the independent Manager to form a special committee, or allow Bierman as the independent Manager to meaningfully exercise his supervision and oversight. Bierman has objected to Michalowski's unilateral negotiations, his conflicted position, and the entire sham process to sell the Company, but Bierman's objections have not been heeded, nor have Michalowski and the remaining Defendants sought to remedy their unabashed self-dealing and conflicts of interest.

33.   On the afternoon of September 13, 2021, Bierman became informed that the potential buyer is going to a $1 million bridge loan to Coastal as early as September 14, 2021, but Bierman has never been informed of any of the material terms of the loan. There was no

vote or approval sought from the Board of Managers to receive the loan with any semblance of informed knowledge of the terms of the loan, let alone approval from Bierman, as the independent, disinterested Manager, who does not stand to receive any unique benefits.

34. Upon information and belief, the bridge loan will lock-up the deal that Michalowski has been negotiating and preclude Coastal from considering any other offers or negotiating to improve the terms of the unknown deal Michalowski is negotiating.

**FIRST CAUSE OF ACTION**

**Breach of Fiduciary Duty**

**(Against Defendants Michalowski, Hayworth, Ginsberg, Steven Loeb, Jason Loeb, and DOES 1 through 100)**

35. Plaintiff incorporates and re-alleges each of the paragraphs above as though fully set forth herein.

36. As controlling members, officers, and/or managers, Michalowski, Hayworth, Ginsberg, Jason Loeb, and Steven Loeb owe fiduciary duties of loyalty and care to the other unitholders of Coastal. The duty of loyalty requires Defendants to act in good faith for the benefit of the Coastal and all of its members, refrain from conduct that would harm the Coastal and its members, and refrain from self-dealing. The duty of care required Defendants to engage in a deliberative process for considering before any proposed transaction based on reasonably available, adequate information so as to make a good faith decision in the best interests of Coastal and its members. Defendants also were required keep the Board of Managers fully informed for any potential transaction and allow the independent, disinterested member of the Board of Managers to exercise and discharge his duties to review and approve any proposed transaction in accord with the Operating Agreement and applicable law.

37. Defendants have breached their duty of loyalty by, among other things:

    a. Allowing and encouraging Michalowski to unilaterally negotiate a proposed bridge loan and sale of Coastal without any meaningful oversight on terms to

uniquely benefit Michalowski and themselves at the expense of the other unitholders, including LMAJ.

      b.      Pursuing a $1 million bridge loan to lock-up a sale transaction that Michalowski has been negotiating to permit any meaningful arm's length negotiation or consideration of any alternative offers to sell Coastal; and

      c.      Pursuing a proposed sale of Coastal on terms to uniquely benefit and enrich themselves, such as through the repayment of the Jones Note, Cangaltri Note, and August Note, and exercise of the warrant under the August Note, to the detriment of the other unitholders.

38. The heightened standard of entire fairness (and not the deferential business judgment rule) applies to the above breaches because they are interested transactions with Defendants receiving unique benefits that will not be shared with other unitholders.

39. As a result of Defendants' breach of fiduciary duty, LMAJ will be harmed.

40. LMAJ has no adequate remedy at law.

41. LMAJ seeks temporary, preliminary and permanent injunctive relief enjoining the Defendants from completing the bridge loan financing and sale transactions, or, in the alternative, temporary, preliminary and permanent injunctive relief enjoining Defendants from completing the bridge loan financing and sale transaction, unless and until Defendants (i) fully inform Bierman as the sole independent, disinterested Manager of all of the negotiations, proposed terms, and alternative terms considered, (ii) permit only Bierman as the independent Manager to vote on the proposed bridge loan and sale transaction, and (iii) if necessary, hold a vote only by the majority of disinterested unitholders to approve the sale transaction.

## SECOND CAUSE OF ACTION

**Breach of Fiduciary Duty**

**(Against Defendants Michalowski, Hayworth, Ginsberg, and Steven Loeb, and DOES 1 through 100)**

42. Plaintiff incorporates and re-alleges each of the paragraphs above as though fully set forth herein.

43. As controlling members, officers, and/or managers, Michalowski, Hayworth, Ginsberg, and Steven Loeb owe fiduciary duties of loyalty and care to the other unitholders of Coastal.

44. Defendants have breached their duty of loyalty by entering into the August Note and obtaining warrants for the issuance of additional Coastal common units in disregard to the objection by Bierman on behalf of LMAJ pursuant to LMAJ's rights in Section 6.6(b) of the Operating Agreement.

45. As a result of Defendants' breach of fiduciary duty, LMAJ will be harmed.

46. LMAJ has no adequate remedy at law.

47. LMAJ seeks temporary, preliminary and permanent injunctive relief enjoining the Defendants from exercising any warrants issued to Defendants based upon the August Note. In the alternative, LMAJ also seeks rescission of the August Note unless and until there is specific performance for the rights of Series B unitholders to vote to approve the August Note or any similar transaction pursuant to the provisions of Section 6.6(b).

.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and DOES 1 through 100, each of them, as follows:

**On the First Cause of Action Against Julian Michalowski, Malante Hayworth, Joshua Ginsberg, Steven Loeb, Jason Loeb, and DOES 1-100:**

1. LMAJ seeks temporary, preliminary and permanent injunctive relief enjoining the Defendants Julian Michalowski, Malante Hayworth, Joshua Ginsberg, Steven Loeb, Jason Loeb, and DOES 1-100 from completing the bridge loan financing and sale transactions, or, in the alternative, temporary, preliminary and permanent injunctive relief enjoining Defendants from completing the bridge loan financing and sale transaction, unless and until Defendants (i) fully inform Bierman as the sole independent, disinterested Manager of all of the negotiations, proposed terms, and alternative terms considered, (ii) permit only

Bierman as the independent Manager to vote on the proposed bridge loan and sale transaction, and (iii) if necessary, hold a vote only by the majority of disinterested unitholders to approve the sale transaction;

2. An award for costs of suit; and

3. An order for such other and further relief as is just and equitable.

**On the Second Cause of Action Against Julian Michalowski, Malante Hayworth, Joshua Ginsberg, Steven Loeb, and DOES 1-100**

1. LMAJ seeks temporary, preliminary and permanent injunctive relief enjoining the Defendants from exercising any warrants issued to Defendants based upon the August Note. In the alternative, LMAJ also seeks rescission of the August Note unless and until there is specific performance for the rights of Series B unitholders to vote to approve the August Note or any similar transaction pursuant to the provisions of Section 6.6(b).

2. An award for costs of suit; and

3. An order for such other and further relief as is just and equitable.

DATED: September 15, 2021            THE LAW OFFICE OF NIGEL BURNS

                                     By:   /s/Nigel Burns_____
                                           Nigel Burns
                                           Nicholas Stahl
                                           Attorneys for Plaintiff LMAJ, LLC

Electronically Filed by Superior Court of California, County of Orange, 09/15/2021 01:49:24 PM.
30-2021-01221102-CU-MC-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.
Case 8:21-cv-01533-JLS-ADS Document 1-1 Filed 09/19/21 Page 15 of 18 Page ID #:22

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| NIGEL BURNS, ESQ. (SBN: 202576) NICHOLAS STAHL, ESQ. (SBN: 296813)<br>THE LAW OFFICE OF NIGEL BURNS<br>800 West 1st Street, Suite 401-12<br>Los Angeles, California 90012<br>TELEPHONE NO.: (213) 687-8080  FAX NO.: (213) 687-8383<br>ATTORNEY FOR *(Name)*: LMAJ, LLC | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME: LMAJ v. Michalowski, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2021-01221102-CU-MC-CJC |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Linda Marks<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [✓] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 2
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/15/2021

Nigel Burns  ▶ /s/Nigel Burns
(TYPE OR PRINT NAME)  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center<br>PLANTIFF: LMAJ, LLC<br>DEFENDANT: Julian Michalowski et.al.<br>Short Title: LMAJ, LLC VS. MICHALOWSKI | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>**Sep 16, 2021**<br>Clerk of the Court<br>By: Hailey McMaster, Deputy |
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01221102-CU-MC-CJC |

Please take notice that a(n), Case Management Conference has been scheduled for hearing on 03/22/2022 at 10:00:00 AM in Department C25 of this court, located at Central Justice Center.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giảI đáp những thắc mắc của quý vị.
Vấn Đề Dân Sư - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _H. McMaster_____, Deputy

NOTICE OF HEARING

Page: 1

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** | |
| Central Justice Center<br>700 W. Civic Center DRIVE<br>Santa Ana 92701 | |
| **SHORT TITLE:** LMAJ, LLC VS. MICHALOWSKI | |

| | |
|---|---|
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2021-01221102-CU-MC-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 09/16/2021. Following standard court practice the mailing will occur at Sacramento, California on 09/17/2021.

Clerk of the Court, by: _H. McMaster_____ , Deputy

THE LAW OFFICES OF NIGEL BURNS
800 W 1ST # 401-12
LOS ANGELES, CA 90012